ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT H. SAHAM (188355)
DANIELLE S. MYERS (259916)
ANGEL P. LAU (286196)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
scotts@rgrdlaw.com
dmyers@rgrdlaw.com
alau@rgrdlaw.com
        – and –
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfield@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOI TRAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>THIRD AVENUE MANAGEMENT LLC, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:16-cv-00602-MWF-SS<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS<br><br>DATE:　　May 2, 2016<br>TIME:　　10:00 a.m.<br>CTRM:　　1600, 16th Floor<br>JUDGE:　Hon. Michael W. Fitzgerald |

1136271_1

## I. INTRODUCTION

In addition to the four plaintiffs that filed complaints, five motions were also filed by investors seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]  Pursuant to the PSLRA's sequential process, the lead plaintiff "is the [movant] who has the greatest financial stake in the outcome of the case, so long as [it] meets the requirements of Rule 23."[2] Here, that movant is the IBEW Local No. 58 Sound & Communication Division Retirement Plan (the "Retirement Plan").

Indeed, the Retirement Plan has the largest financial interest, having purchased over 230,000 shares and suffered more than $1.3 million in losses.  *See* Dkt. Nos. 42 at 6; 43-2; 43-3.  These losses exceed those suffered by all of the other plaintiffs and movants, ***combined***.  *See infra* §II.A.  And, as an institutional investor and experienced fiduciary that selected qualified counsel, the Retirement Plan satisfies the Rule 23 requirements.  As such, the Retirement Plan's motion should be granted.  The other motions should be denied.

## II. ARGUMENT

To identify the party entitled to appointment as lead plaintiff, the "district court must compare the financial stakes of the various plaintiffs" – including those that filed either a complaint or motion – "and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) (eligible parties are those that "either filed the complaint or made a motion"); *Grodko v. Cent. European Distrib. Corp.*, 2012 U.S. Dist. LEXIS 178478, at *27 (D.N.J. Dec. 17, 2012) (finding it "clear that filing a complaint entitles a lead plaintiff candidate to consideration under the clear wording of [the PSLRA]").  "It must then focus its

---

[1] Several movants also moved to consolidate the Related Actions.  *See* Dkt. Nos. 29, 31, 35, 42.

[2] *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  Unless otherwise noted, all emphasis is added and all citations are omitted throughout.

- 1 -

1136271_1

attention on *that* plaintiff and determine, based on the information [it] has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Cavanaugh*, 306 F.3d at 730 (emphasis in original). Stated differently, "[o]nce [the court] determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that [it] does not satisfy the typicality or adequacy requirements." *Id.* at 732.

### A. Only the Retirement Plan Qualifies for the "Most Adequate Plaintiff" Presumption

#### 1. The Retirement Plan Has the Largest Financial Interest

By comparing the plaintiffs and movants' estimated losses, it is clear that the Retirement Plan possesses the largest financial interest in the relief sought by the class here:

| **Plaintiff or Movant** | **Shares Purchased** | **(Loss) Estimate** |
|---|---:|---:|
| **Retirement Plan** | **230,340** | **($1.3 million)** |
| Inter-Marketing Group USA, Inc. | 26,000 | ($149,009) |
| Third Avenue Investor Group I (Rosen) | 63,806 | ($140,287) |
| Suprabha Bhat and Thomas McCall | 27,791 | ($135,414) |
| Stephen L. Craig | 18,438 | ($102,000) |
| Third Avenue Investor Group II (Pomerantz)[3] | 4,572 | ($26,581) |
| Loi Tran | 8,530 | ($26,172) |
| Scott Matthews | 1,457 | ($7,209) |

*Compare* Dkt. No. 43-3 *with* Dkt. Nos. 29-5, 32-3, 36-3 and 38 at 9; *see also* certifications filed with the *Tran*, *Inter-Marketing Group USA, Inc.*, *Matthews* and *Bhat* Complaints. And, because Inter-Marketing Group USA, Inc. suffered almost $150,000 in losses – a fact readily apparent from the Certification filed with its Complaint – it was not accurate for any of the other movants to claim to possess the largest financial interest when their motions were filed.

---

[3] This motion was withdrawn on April 11, 2016. *See* Dkt. No. 48.

Despite the Retirement Plan's significantly greater financial interest, it has become increasingly common for movants with smaller losses to jettison the conventional loss metrics in their motion in favor of "devis[ing] [their] own methodology" in an opposition brief that "tak[es] into consideration particular nuances of the parties' transactions in th[e] case." *Pio v. Gen. Motors Co.*, 2014 WL 5421230, at *6-*7 (E.D. Mich. Oct. 24, 2014). Any attempt to do so here should be rejected as courts consistently recognize that "[w]hen attempting to resolve who is the most adequate plaintiff to represent the class, . . . the largest financial interest ***of the class*** should be considered, ***not*** the largest financial interest ***of separate sub classes***." *Greenberg v. Bear Stearns & Co.*, 80 F. Supp. 2d 65, 70 (E.D.N.Y. 2000). Stated differently, counsel for the other movants with smaller financial interests "cannot simply define the class they seek to represent" by "trying to shrink the kingdom until they are king." *In re Century Bus. Servs., Sec. Litig.*, 202 F.R.D. 532, 536 (N.D. Ohio 2001) (noting that such an argument "fails to meet any standard set forth in the Reform Act for appointing lead plaintiff").

Ultimately, this case is just like countless other securities cases with an overarching theory of wrongdoing throughout the Class Period in which a single lead plaintiff has been appointed to represent the putative class. The Retirement Plan possesses the largest financial interest in the relief sought by the class and its motion should be granted.

### 2. The Retirement Plan Also Satisfies the Rule 23 Requirements

Because the Retirement Plan possesses the largest financial interest, the next question is whether it "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage, the Rule 23 determination is generally limited to typicality and adequacy. *Cavanaugh*, 306 F.3d at 730.

As previously stated, the Retirement Plan is both typical and adequate of the putative class here. *See* Dkt. No. 42 at 7-8. Moreover, as an institutional investor

- 3 -

with prior experience serving as lead plaintiff and overseeing shareholder litigation, the Retirement Plan is the paradigmatic candidate Congress contemplated when it enacted the PSLRA. *See Hufnagle v. Rino Int'l Corp.*, 2011 U.S. Dist. LEXIS 19771, at *13-*14 (C.D. Cal. Feb. 14, 2011) (noting that the "the PSLRA's legislative history expressed a preference for institutional investors" to "serve as lead plaintiffs").

Thus, by satisfying each of the PSLRA requirements, the Retirement Plan is entitled to the presumption that it is the most adequate plaintiff.

### 3. The Presumption in Favor of Appointing the Retirement Plan as Lead Plaintiff Will Not Be Rebutted

To rebut the presumption in favor of the Retirement Plan's appointment as lead plaintiff, the PSLRA requires the other movants to submit "proof" that the Retirement Plan "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  None exists.

In fact, because there is no such proof, counsel for the movants with smaller losses will likely ask the Court to abandon the PSLRA's sequential process in favor of a "freewheeling comparison of the parties competing for lead plaintiff" and invite the Court to appoint a co-lead plaintiff to represent investors in both classes of shares. *Cavanaugh*, 306 F.3d at 732.  The Court should decline to do so because "a straightforward application of the statutory scheme . . . provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id.*  "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.*

More importantly, district courts acknowledge that "[n]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004). "Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is

- 4 -

inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim" and "the PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class." *Id.* at 83.

Judge Berman recently considered this very argument in a contested lead plaintiff situation in which a movant that lacked the overall largest financial interest nonetheless urged the court to appoint him as "co-lead plaintiff" because "he 'was the only movant who . . . purchased [Tesco Class F shares] during the relevant time period'" and these investors "'face the threat of disenfranchisement in the event that the Court ultimately determines at the class certification or motion to dismiss stage that ADR purchasers lack standing to represent Ordinary F purchasers.'" *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, 2015 U.S. Dist. LEXIS 38635, at *14-*15 (S.D.N.Y. Mar. 19, 2015). The court found this "argument unpersuasive" because "'[P]laintiffs who . . . purchased certain securities [have] class standing to assert claims on behalf of purchasers of other related securities where the allegedly fraudulent conduct was a "nearly identical misrepresentation . . .. common to every . . . registration statement."'" *Id.* at *15; *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 271 (S.D.N.Y. 2009) (denying movant's request for "appointment as niche plaintiff" as it "would add to the expense of the litigation" and "is not warranted under the circumstances"). Moreover, it is axiomatic that "a lead plaintiff may seek to incorporate additional named class plaintiffs in order to resolve any standing concerns." *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 2011 U.S. Dist. LEXIS 113672, at *5 (S.D.N.Y. Sept. 29, 2011) (Castel, J.).

Indeed, as numerous other district courts that have previously contended with – and rejected – this type of argument recognize, "[t]aken to its logical extreme," such an argument that each type of shares "requires a different class or subclass and separate Lead Plaintiff would fracture this litigation into hundreds of classes or subclasses and obstruct any efficient and controlled progress." *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 451 (S.D. Tex. 2002) (denying requests by "Niche Plaintiffs"

- 5 -

1136271_1

for "splintering the action or appointing multiple Lead Plaintiffs to represent specialized interests, especially in light of the common facts and legal issues"). Simply stated, "any requirement that a different lead plaintiff be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff – namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole." *Hevesi*, 366 F.3d at 82 n.13; *In re Cendant Corp. Litig.*, 182 F.R.D. 144, 148 (D.N.J. 1998) (recognizing that "representation by a disparate group of plaintiffs, each seeking only the protection of its own interests, could well hamper the force and focus of the litigation" and "[a] balance must be struck").

"[N]otwithstanding every plaintiff's undeniable interest in an outcome most favorable to his or her position, every warrior in this battle cannot be a general." *Cendant*, 182 F.R.D. at 148. Indeed, the statute presumes that one lead plaintiff can vigorously pursue all available causes of action against all possible defendants under all available legal theories. *Hevesi*, 366 F.3d at 82-83. Because none of the competing movants can rebut the presumption that the Retirement Plan is the most adequate plaintiff, the other motions should be denied.

### III. The Competing Motions Should Be Denied Because None of the Other Movants Have the Largest Financial Interest

The other movants all claim smaller losses than the Retirement Plan, and also smaller than named plaintiff Inter-Marketing Group USA, Inc. *See* Dkt. Nos. 29-5, 32-3, 36-3 and 38 at 9. Thus, pursuant to the PSLRA's sequential process, the Court may only consider their motions "***if and only if*** [the Retirement Plan is] found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732. Because the Retirement Plan is "both willing to serve and satisfies the requirements of Rule 23," however, the other motions should be denied. *Id*. at 730.

- 6 -

1136271_1

## IV. CONCLUSION

Because all of the other movants have substantially smaller losses than the Retirement Plan – and one of the named plaintiffs – none can trigger the PSLRA's most adequate plaintiff presumption. As such, their motions should be denied.

By contrast, the Retirement Plan not only suffered the greatest loss, it is both typical and adequate and selected qualified counsel to represent the class in this case. The Retirement Plan's motion should be granted.

DATED: April 11, 2016              Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SCOTT H. SAHAM
DANIELLE S. MYERS
ANGEL P. LAU

               s/ Danielle S. Myers
              DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiff

SACHS WALDMAN, P.C.
JOSEPH PAWLICK
1423 East Twelve Mile Road
Madison Heights, MI  48071
Telephone:  248/658-0800
248/658-0801 (fax)

Additional Counsel for Plaintiff

- 7 -

1136271_1

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 11, 2016.

    s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:    dmyers@rgrdlaw.com

- 8 -

1136271_1

# Mailing Information for a Case 2:16-cv-00602-MWF-SS Loi Tran v. Third Avenue Management LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Solomon B Cera**
  scera@cerallp.com,pmarkert@cerallp.com,keg@cerallp.com

- **John P Coffey**
  scoffey@kramerlevin.com

- **Samantha V Ettari**
  settari@kramerlevin.com

- **Michael Allen Firestein**
  mfirestein@proskauer.com

- **Michael Lawrence Gallo**
  mgallo@sparerlaw.com,dcorkran@sparerlaw.com,playzer@sparerlaw.com

- **Marc Haber**
  mhaber@sparerlaw.com,dcorkran@sparerlaw.com,playzer@sparerlaw.com

- **Robert J Liubicic**
  rliubicic@milbank.com,lnorthrup@milbank.com,jgibbs@milbank.com,rfissell@milbank.com

- **Rosemary F Luzon**
  rluzon@sfmslaw.com,pleadings@sfmslaw.com

- **Danielle S Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Elliot A Smith**
  esmith@kramerlevin.com

- **Alan W Sparer**
  asparer@sparerlaw.com,dcorkran@sparerlaw.com,playzer@sparerlaw.com

- **Jonathan M Wagner**
  jwagner@kramerlevin.com

- **Robert David Weber**
  robert.weber@dlapiper.com,susan.byrd@dlapiper.com,docketingla@dlapiper.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`