UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re THIRD AVENUE MANAGEMENT LLC
SECURITIES LITIGATION

-----------------------------------------------------------x

16-cv-02758 (PKC)

MEMORANDUM
AND ORDER

CASTEL, U.S.D.J.

        Before the Court are four motions to appoint lead plaintiff and consolidate four putative class actions brought under the federal securities laws by purchasers of shares issued by Third Avenue Credit Fund ("Focused Credit Fund") against Third Avenue Trust ("Third Avenue") and related officers and entities.  Loi Tran v. Third Avenue Management LLC, et al., No. 16 cv 02758 (PKC); Inter-Marketing Group USA, Inc. v. Third Avenue Management LLC, et al., No. 16 cv 02759 (PKC); Scott Matthews v. Third Avenue Management LLC, et al., No. 16 cv 02760 (PKC); Suprabha Bhat v. Third Avenue Management LLC, et al., No. 16 cv 02761 (PKC).[1]  For the reasons set forth below, the motion of plaintiff IBEW Local No. 58 Sound and Communication Division Retirement Plan ("IBEW") is granted, and the three motions filed by other plaintiffs are denied.[2]

BACKGROUND AND CONSOLIDATION

        Third Avenue is registered as an open-ended investment company under the Investment Company Act of 1940 ("ICA").  Focused Credit Fund is a mutual fund within Third Avenue which focuses primarily on non-investment grade assets.  On December 10, 2015, Third Avenue announced that it would freeze all investor withdrawals and transfer all Focused Credit Fund assets into a liquidating trust.  On December 16, 2015, Third Avenue announced that it

---

[1] Unless otherwise noted, all docket references herein refer to the docket for 16 cv 02758.
[2] A fifth such motion was filed by Robert Bates, Scott Matthew, and Chad S. Miller, but this motion was withdrawn on April 11, 2016.  (Dkt. No. 47.)

would transfer assets back into the Focused Credit Fund to permit a more transparent liquidation process.  The four complaints in this case were filed on January 27, 2016 (the "Tran Action"), February 2, 2016, (the "Inter-Marketing Action"), February 3, 2016 (the "Matthews Action"), and February 9, 2016 (the "Bhat Action").

        The complaints in the four actions each name as defendants Third Avenue and Third Avenue Management, as well as officers and/or trustees of Third Avenue, and Third Avenue Management's affiliated broker-dealer.  The complaints allege that the defendants made false and misleading statements prior to the company's announcement that it would liquidate the Focused Credit Fund.  The complaints are largely overlapping and raise common questions of law and fact.  Consolidation under Rule 42(a), Fed. R. Civ. P. is appropriate.

APPOINTMENT OF LEAD PLAINTIFF & LEAD COUNSEL

        Four plaintiffs seek to be appointed as lead plaintiff in the consolidated action.  The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The statute provides a rebuttable presumption that a "person or group of persons" is the most adequate plaintiff if that person or group of persons "has either filed the complaint or made a motion in response to a notice," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

1. <u>Investor Groups</u>

        As an initial matter, two groups of investors, Dr. Suprabha Bhat and Thomas McCall (the "Bhat Movants"), and Joseph Paulin, Frances Taylor, Kirk Taylor, and Scott

McLatchy (the "Third Avenue Investor Group"), seek appointment as lead plaintiffs. Neither movant warrants recognition as a group for purposes of calculating the "largest financial interest" under the PSLRA. The Third Avenue Investor Group is comprised of four individual investors, two of whom are related, but none of whom allege a common connection other than sharing claims held by all members of the putative class and being represented by the same lawyers. (Rosen Decl., Ex. 2-3, Dkt. No. 32.) The Bhat Movants similarly allege no common connection. (Hopkins Decl., Ex. A-B, Dkt. No 29.)

The late Judge Cedarbaum of this district discussed the dangers of a "group" created by lawyers in a well-cited opinion issued shortly after the passage of the PSLRA:

> To allow an aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff. One of the principal legislative purposes of the PSLRA was to prevent lawyer-driven litigation. Appointing lead plaintiff on the basis of financial interest, rather than on a "first come, first serve" basis, was intended to ensure that institutional plaintiffs with expertise in the securities market and real financial interests in the integrity of the market would control the litigation, not lawyers. To allow lawyers to designate unrelated plaintiffs as a "group" and aggregate their financial stakes would allow and encourage lawyers to direct the litigation. Congress hoped that the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff. Counsel have not offered any reason for appointing an aggregation of unrelated institutional and individual investors as lead plaintiffs other than the argument that the language of the statute does not expressly forbid such a result.

In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997) (citations omitted). Since then, courts in this district have largely rejected the aggregation of individual shareholders who have no common connection other than their lawyers for purposes of calculating financial interest under the PSLRA. In re Razorfish, Inc. Securities Litigation, 143 F. Supp. 2d 304, 308–09 (S.D.N.Y. 2001) (Rakoff, J.) (rejecting group as lead plaintiff because, inter alia, it had no independent existence, its members had no prior relationship and group was an "artifice cobbled together by cooperating counsel"); In re Pfizer Inc. Securities Litigation, 233 F.R.D. 334, 337 (S.D.N.Y. 2005) (Owen, J.) ("Nothing before the Court indicates that this aggregation is

3

anything other than an attempt to create the highest possible 'financial interest' figure under the PSLRA . . . and I reject it."); In re Veeco Instruments, Inc. Securities Litigation, 233 F.R.D. 330, 334 (S.D.N.Y. 2005) (McMahon, J.) ("Courts (including this one) view such aggregations of individual shareholders with disapproval.") (citation omitted); Rosian v. Magnum Hunter Res. Corp., 13 cv 2668 (KBF), 2013 WL 5526323, at *3 (S.D.N.Y. Oct. 7, 2013) (Forrest, J.) (finding "insufficient evidence that the members of the group will act collectively and separately from their lawyers") (citation omitted); Teran v. Subaye, No. 11 cv 2614 (NRB), 2011 WL 4357362, at *3 (S.D.N.Y. Sep. 16, 2011) (Buchwald, J.) (declining to recognize a group that was put together "by attorneys for the purpose of amassing an aggregation of investors purported to have the greatest financial interest in the action") (citation omitted); In re Tarragon Corp. Sec. Litig., No. 07 cv 7972 (PKC), 2007 WL 4302732, at *2 (S.D.N.Y. Dec. 6, 2007) (Castel, J.).

Ultimately, to enjoy the PSLRA's rebuttal presumption, "a proposed group must proffer an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs." Varghese v. China Shenghuo Pharm. Holdings, Inc., 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008). The Bhat Movants and the Third Avenue Investor Group have failed to make this showing.

2. Loss Calculation

The two remaining movants, Stephen L. Craig and IBEW, claim losses of $102,000 and $1.3 million, respectively.[3] The parties calculate loss differently, however. Movant Craig relies on a share price of $5.41, which he states is based on the closing price on

---

[3] Movant Craig initially contended that his net loss was $198,000, which was based on a share value of $0.00. Craig argued that such a calculation was warranted because of Focused Credit Fund's "complete lack of liquidity." (Dkt. No. 73, at 5 n.5.) However, Craig concedes that "[f]or purposes of loss calculation, . . . his losses are approximately $102,000." (Id.)

March 29, 2016.  Movant IBEW relies on a share price of $5.34, which it contends is the average share price during the 90 calendar days after the end of the class period.  (Myers Decl., Ex C., Dkt. No. 43.)  The proper calculation of loss is immaterial at the present time, as IBEW would have a substantially larger financial loss regardless of the method of calculation.  Craig concedes as much.  (Dkt. No. 73, at 5 ("Based on the Lead Plaintiff briefs submitted in the California Action, IBEW appears to have the largest alleged financial loss.").)

Nevertheless, Movant Craig contends that he should be appointed lead plaintiff because "he is in the best position to represent *all* class members."  (Id. at 5-6.)  At issue in the present litigation are alleged materially misleading statements that Focused Credit Fund made in registration statements and other supporting documents for three separate share offerings.  Those offerings were made on March 1, 2013 (the "2013 Offering"), February 28, 2014 (the "2014 Offering), and March 1, 2015 (the "2015 Offering).  Movant Craig purchased shares pursuant to all three offerings, whereas IBEW only purchased shares pursuant to the 2014 Offering and the 2015 Offering.  Therefore, Craig argues, that only he meets the typicality and adequacy requirements of Rule 23, Fed. R. Civ. P., because only he has standing to represent shareholders from all three offerings.

Craig essentially advocates that a lead plaintiff under the PSLRA must have standing to sue on every available cause of action, a position that the Second Circuit has explicitly rejected.  Hevesi v. Citigroup Inc., 366 F.3d 70, 82 (2d Cir. 2004) ("Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action.").  Indeed, the Court in Hevesi recognized that "it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim." Id.  While appointing Craig may avoid the "major legal challenge to the representation of the Class at a

later stage regarding standing and tracing" (Dkt. No. 73, at 6), he ignores the mandate of PSLRA, which requires this Court to select a lead plaintiff or plaintiffs who, in addition to otherwise satisfying Rule 23, has the largest financial stake in the outcome of the case. See 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). Craig's "argument skips over the facts that the dollar amount and [his] 'financial interest' are minimal." Richman v. Goldman Sachs Grp., Inc., 274 F.R.D. 473, 477 (S.D.N.Y. 2011). Furthermore, Craig's concern with standing can be protected in other ways. Rather than ignoring the plaintiff with the largest financial interest in favor of a plaintiff with standing to sue on all claims—an approach that runs counter to the PSLRA—a lead plaintiff may, consistent with the PSLRA, add "named plaintiffs to aid the lead plaintiff in representing a class." Hevesi, 366 F.3d at 83 (citing cases); In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig., No. 09 md 2058 (PKC), 2011 WL 4538428, at *2 (S.D.N.Y. Sept. 29, 2011) (Castel, J.) ("[A] lead plaintiff may seek to incorporate additional named class plaintiffs in order to resolve any standing concerns.").

        For purposes of appointing lead plaintiff, the Court concludes that IBEW meets the typicality and adequacy requirements of Rule 23, despite not having purchased shares pursuant to the 2013 Offering. At this stage, only a preliminary showing of adequacy and typicality is required. In re eSpeed, Inc. Sec. Litig., 232 F.R.D. 95, 102 (S.D.N.Y. 2005). IBEW's claims are typical of the class because they "are based on misrepresentations in the Registration Statements and on the same core course of conduct" at issue in all three offerings. In re WorldCom, Inc. Sec. Litig., 219 F.R.D. 267, 281 (S.D.N.Y. 2003); Richman v. Goldman Sachs Grp., Inc., 274 F.R.D. 473, 479 (S.D.N.Y. 2011) ("The typicality requirement is satisfied when the claims of the proposed lead plaintiff arise from the same conduct from which the other class members' claims and injuries arise.") (quotations omitted). IBEW also satisfies Rule 23's

adequacy requirement. IBEW has a significant interest in the litigation and is represented by well-qualified counsel. And despite not having purchased shares in the 2013 Offering, there is no indication that IBEW's interests are antagonistic to the interests of other shareholders.

Relatedly, other movants seek to be appointed as joint lead plaintiff to ensure that 2013 Offering shareholders are represented. (Dkt. No. 51 ("[T]he Court should appoint either Mr. Taylor and/or Mr. Paulin as lead plaintiff for the purchasers of TFCVX as they are the only movants that are before the Court that have standing to pursue such claims."); Dkt. No. 61 ("Accordingly, the Bhat Movants are the most qualified individual investor movants seeking appointment as lead plaintiffs with [IBEW].") However, requiring that multiple lead plaintiffs be appointed to bring every available claim would "contravene the main purpose of having a lead plaintiff—namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole." Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc., 721 F.3d 95, 112 (2d Cir. 2013) (citing Hevesi, 366 F.3d at 82). Here, the Court concludes that IBEW is an adequate lead plaintiff, and that the appointment of joint lead counsel is not necessary.

The Court approves IBEW's selection of counsel, Robbins Geller Rudman & Dowd LLP. Danielle Myers has submitted an affidavit setting forth her law firm's experiences as class counsel and a resume of the individual partners. She references several dozen securities class actions or shareholder derivative actions in which his firm has served as counsel.

CONCLUSION

The motion of (Dkt. No. 41) of IBEW is GRANTED to the extent that IBEW is appointed as lead plaintiff and its retention of Robbins Geller Rudman & Dowd LLP is approved. The motions of Craig, the Bhat Movants, and the Third Avenue Investor Group (Dkt.

Nos. 29, 30, 37) are DENIED.  The Tran Action, 16 cv 02758 (PKC), the Inter-Marking Group Action, 16 cv 02759 (PKC), the Matthews Action, 16 cv 02760 (PKC), and the Bhat Action, 16 cv 02761 (PKC) are consolidated under the above caption and docket number.  The Clerk is directed to administratively close 16 cv 02759 (PKC), 16 cv 02760 (PKC), and 16 cv 02761 (PKC).  Lead plaintiff shall file a Consolidated Amended Complaint by June 10, 2016.  The June 1, 2016 conference is VACATED as to the securities actions.

      SO ORDERED.

                                                 *P. Kevin Castel signature*
                                                 P. Kevin Castel
                                        United States District Judge

Dated: New York, New York
       May 13, 2016