UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re THIRD AVENUE MANAGEMENT LLC
SECURITIES LITIGATION

-----------------------------------------------------------x

16-cv-02758 (PKC)

MEMORANDUM
AND ORDER

CASTEL, U.S.D.J.

On May 13, 2016, the Court issued a Memorandum and Order consolidating certain actions under the above-captioned case name, and appointing IBEW Local No. 58 Sound and Communication Division Retirement Plan ("IBEW") as lead plaintiff.  (Dkt. No. 79.) Following the issuance of the May 13 Memorandum and Order, Stephen L. Craig submitted a supplemental brief in support of his motion to be appointed lead plaintiff.  (Dkt. No. 80.)  The Court deems Craig's supplemental brief as a motion to reconsider the Court's appointment of IBEW as lead plaintiff, but will review my prior ruling de novo.  See, e.g., Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (describing standard on motion to reconsider).  For the following reasons, Craig's motion is denied.

Craig reiterates his argument that IBEW is neither a typical nor adequate lead plaintiff because it did not purchase securities pursuant to all three share offerings at issue.  (Dkt. No. 80, at 4.)  In the context of appointing lead plaintiff under the PSLRA, however, multiple courts in this district have determined that a lead plaintiff need not have standing to sue on every claim.  See, e.g., In re Petrobras Sec. Litig., 104 F. Supp. 3d 618, 624-25 (S.D.N.Y. 2015); In re Imax Sec. Litig., No. 06 cv 6128 (NRB), 2011 WL 1487090, at *7 n.6 (S.D.N.Y. Apr. 15, 2011); In re Bear Stearns Companies, Inc. Sec., Derivative, & Erisa Litig., No. 08 mdl 1963 (RWS), 2011 WL 321142, at *4 (S.D.N.Y. Feb. 1, 2011).  In related contexts, many other courts have observed the same.  See, e.g., In re Glob. Crossing, Ltd. Sec. Litig., 313 F. Supp. 2d 189, 204

(S.D.N.Y. 2003) (Lynch, J.) ("[N]othing in the PSLRA requires that the lead plaintiffs have standing to assert all of the claims that may be made on behalf of all of the potential classes and subclasses of holders of different categories of security at issue in the case."); In re Citigroup Auction Rate Sec. Litig., 700 F. Supp. 2d 294, 308 (S.D.N.Y. 2009) (observing that "a lead plaintiff himself need not have standing to assert every claim that may be made on behalf of all the potential class and subclass members"); In re Britannia Bulk Holdings Inc. Sec. Litig., No. 08 cv 9554 (DLC), 2010 WL 446529, at *3 n.7 (S.D.N.Y. Feb. 9, 2010).  Therefore, the Court rejects the assertion that a plaintiff needs to have standing to sue on every possible claim in order to be appointed lead plaintiff.  The PSLRA has no such requirement, and a ruling otherwise would hamstring efforts to appoint the most adequate party as lead plaintiff.

Nor has Craig come forward with sufficient evidence demonstrating that IBEW "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 74u-4(a)(3)(B)(iii).  Specifically, Craig argues that IBEW is subject to the unique defense of standing, because it only purchased shares from two of the three offerings at issue. (Dkt. No. 80, at 5-7.)  This argument is largely a rephrasing of the argument addressed above: that IBEW inadequately represents the class because it does not have standing to bring claims pursuant to all three offerings at issue.  In the Court's view, this is insufficient to overcome the presumption of adequate representation.  As discussed in this Court's May 13 Memorandum and Order, the Court concludes that IBEW is capable of adequately representing the class.  As the plaintiff with the largest financial interest by far, IBEW has a significant interest in ensuring that the litigation ends in the most favorable outcome possible for all plaintiffs.  Furthermore, as lead plaintiff, IBEW will have the opportunity to add named plaintiffs to remedy any issue of standing; however, the decision of whether or not to do so will ultimately

rest with IBEW.  At this early stage, the Court is satisfied that IBEW has made a preliminary showing that it satisfies the adequacy and typicality requirements of Rule 23, Fed. R. Civ. P., and that Craig has failed to overcome the presumption of adequate representation.  The Court is also "cognizant of the PSLRA's 'statutory preference for institutional lead plaintiffs.'"  In re Petrobras, 104 F. Supp. at 625 (quoting In re KIT Digital, Inc. Sec. Litig., 293 F.R.D. 441, 446 (S.D.N.Y.2013)).

      The Court has reviewed the remaining arguments in Craig's supplemental brief and finds them without merit.  Accordingly, Craig's motion for reconsideration is DENIED.

      SO ORDERED.

                                          P. Kevin Castel
                                     United States District Judge

Dated: New York, New York
       May 19, 2016