UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x

In re THIRD AVENUE MANAGEMENT
LLC SECURITIES LITIGATION

————————————————————————

This Document Relates To:

    ALL ACTIONS.

————————————————————————— x

:   Civil Action No. 1:16-cv-02758-PKC
:
:   <u>CLASS ACTION</u>
:
:   [PROPOSED] ORDER PRELIMINARILY
:   APPROVING SETTLEMENT AND
:   PROVIDING FOR NOTICE
:

1250608_1

WHEREAS, on March 31, 2017, the parties to the above-entitled action (the "Action"), Lead Plaintiff IBEW Local No. 58 Sound & Communication Division Retirement Plan ("IBEW 58") and plaintiff Anthony Dallacasa ("Plaintiff") (together, "Plaintiffs") and defendants William E. Chapman, II, Lucinda Franks, Edward J. Kaier, Patrick Reinkemeyer, Eric P. Rakowski, Martin Shubik, Charles C. Walden, Martin J. Whitman, David M. Barse, Vincent J. Dugan, Jack W. Aber, Marvin Moser, Third Avenue Trust (the "Trust"), Third Avenue Management LLC (the "Advisor"), Affiliated Managers Group, Inc. ("AMG"), M.J. Whitman LLC ("MJW") (collectively, the "Defendants" and together with Plaintiffs, the "Settling Parties"), by and through their respective counsel and, as applicable, their respective authorized representatives entered into the Stipulation of Settlement dated March 31, 2017 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Action with prejudice;

WHEREAS, the Court having read and considered the Stipulation and the accompanying documents;

WHEREAS, the Settling Parties to the Stipulation having consented to the entry of this order;

WHEREAS, unless otherwise specified all capitalized terms used, but not otherwise defined, herein having the meanings defined in the Stipulation;[1]

NOW THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2017, that:

---

[1]     The exhibits attached to the Stipulation filed with the Court are incorporated herein as though set forth in this order.

- 1 -

1.      The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein as being fair, reasonable and adequate to Class Members (defined in ¶2 below), subject to further consideration at the Settlement Hearing described in ¶5 below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Action is hereby certified as a class action on behalf of all Persons who purchased shares of the Fund during the period from March 1, 2013 through December 10, 2015.   Excluded from the Class are Defendants, employees, officers and directors of the Defendant entities, members of the immediate families of each of the Individual Defendants, the estates of the deceased Individual Defendants, any Person in which any Defendant has a controlling interest, and, as to such excluded Person, the legal and personal representatives, agents, heirs, successors, or assigns of any such excluded Person.   Also excluded from the Class are any Class Members who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice.

3.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) Plaintiffs have alleged one or more questions of law and fact that are common to the Class; (c) based on Plaintiffs' allegations that Defendants engaged in uniform conduct affecting all Class Members, Plaintiffs' claims are typical of those of the other members of the Class they seek to represent; (d) the Plaintiffs and Lead Counsel are capable of fairly and adequately representing the interests of the Class, in that Plaintiffs' interests are consistent with those of the other Class Members, Lead Counsel is able and qualified to represent the Class, and Plaintiffs and Lead Counsel have fairly and adequately represented the Class Members in prosecuting this Action and in

- 2 -

negotiating and entering into the proposed Settlement; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are certified as class representatives.

5.      A final settlement hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, ___, at __:____, _.m. for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable and adequate to Class Members, and should be approved by the Court;

(b)      to determine whether the Order Approving Class Action Settlement ("Final Order") as provided under the Stipulation should be entered;

(c)      to determine whether the proposed Plan of Allocation of the proceeds of the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(d)      to consider Lead Counsel's motion for an award of attorneys' fees and expenses; and

(e)      to rule upon such other matters as the Court may deem appropriate.

6.      The Court may adjourn the Settlement Hearing without further notice to members of the Class of any kind.

7.      The Court reserves the right to approve the Settlement with or without modification as may be agreed to by the Settling Parties and with or without further notice to the Class of any

- 3 -

kind.  The Court further reserves the right to enter the Final Order and Judgment regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.     The Court approves the form, substance and requirements of: the Notice of Pendency and  Proposed Settlement of Class Action (the "Notice"), the Proof of Claim form, and the Summary Notice, annexed to the Stipulation as Exhibits A-1, A-2 and A-3, respectively, and finds that the form, content, and mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶10 and 13 of this order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, as amended, 15 U.S.C. §77z-1(a)(7), including the PSLRA, and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9.     The Court approves the appointment of Gilardi & Co. LLC ("Gilardi") as the Claims Administrator.

10.    Within fourteen (14) calendar days after the entry of this order (the "Notice Date"), the Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed to the Stipulation as Exhibits A-1 and A-2, to be mailed by first-class mail, postage prepaid, to all Class Members who can be identified with reasonable effort.  Within five (5) business days following the execution of the Stipulation, Defendants will use reasonable efforts to provide or cause the Fund's transfer agent to provide to the Claims Administrator, at no cost to the Class or Lead Counsel or the Claims Administrator, the last-known names and addresses of all shareholders of record during the Class Period.  Such information shall be provided in a format acceptable to the Claims Administrator.  The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased Fund

- 4 -

shares during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within ten (10) calendar days after their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting such materials for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners. Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim. Notice will also be provided by the Fund (at its own expense) to U.S. federal and state officials if and to the extent required by the Class Action Fairness Act of 2005 ("CAFA").

11. The Escrow Agent or its designees are authorized and directed to prepare any tax returns required to be filed on behalf of or in respect of the Settlement Fund and to cause any Taxes and Tax Expenses due and owing to be paid from the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

12. Lead Counsel shall submit their papers in support of final approval of the Settlement, Plan of Allocation and motion for an award of attorneys' fees and expenses by no later than _____, 2017 [fourteen (14) calendar days prior to the deadline for objections set forth in ¶17]. All reply papers in support of such motions shall be filed and served by no later than seven (7) calendar days before the Settlement Hearing.

- 5 -

13.     The Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal* and once over the *Business Wire* or *PR Newswire* within fourteen (14) calendar days after the Notice Date.  Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Hearing, file with the Court proof of the publication of the Summary Notice.

14.     Any person falling within the definition of the Class who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time set forth and in the manner described in the Notice.

15.     All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the release provided for therein, whether favorable or unfavorable to the Class.

16.     Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Plaintiffs, Lead Counsel, Plaintiffs' Counsel or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

17.     Objections to the Settlement, the Plan of Allocation, or the application by Lead Counsel for an award of attorneys' fees and expenses, and any supporting papers shall be filed with

the Court at 500 Pearl Street, New York, NY 10007, on or before _____, and also

delivered by hand or first-class mail to Jeffrey D. Light, Robbins Geller Rudman & Dowd LLP, 655

West Broadway, Suite 1900, San Diego, CA 92101 and Robert A. Skinner, Ropes & Gray LLP,

Prudential Tower, 800 Boylston Street, Boston, MA 02199, by that same date.  Each objection must

include the name and docket number of this case (as set out at the top of this order) and must also

include the following information about the Class Member: (i) name, (ii) address, (iii) telephone

number, (iv) e-mail address, if available, (v) evidence of the number of shares of Fund stock

purchased during the Class Period, (vi) an explanation of the objections asserted, including any legal

support that the Class Member wishes to bring to the Court's attention, and (vii) any evidence that

the Class Member wishes to introduce in support of such objection.  Attendance at the Settlement

Hearing is not necessary.  The Court will still consider any timely written objection regardless of

whether the objector appears at the Settlement Hearing.  However, any persons wishing to be heard

orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request by

Lead Counsel for attorneys' fees and expenses are required to indicate in their written objection their

intention to appear at the Settlement Hearing and to include in their written objections the identity of

any witnesses they may call to testify and copies of any exhibits they intend to introduce into

evidence at the Settlement Hearing.  Class Members do not need to appear at the hearing or take any

other action to indicate their approval.

      18.     Any Class Member who does not object to the Settlement and/or the Plan of

Allocation, and any Class Member who does not object to Lead Counsel's motion for an award of

attorneys' fees and expenses in the manner prescribed in the Notice shall be deemed to have waived

such objection and shall forever be foreclosed from making any objection to the fairness, adequacy

or reasonableness of the Settlement, the Final Order and Judgment to be entered approving the

Settlement, the Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and expenses unless the Court orders otherwise.

19.     Class Members may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

20.     If a Class Member hires an attorney (at his, her, or its own expense) to represent him, her, or it for purposes of objecting, such attorney must serve a notice of appearance on Lead Counsel and Defendants' Counsel and file it with the Court (at the addresses set out above) so that it is received no later than the date set for objections.  In addition, any such Class Member or his, her, or its attorney intending to appear at the Settlement Hearing must file and serve a notice of intention to appear as set forth in the Notice.  Such notice of intention to appear must be received by Lead Counsel, Defendants' Counsel, and the Court, at the addresses set forth above, by no later than the date set for objections.  Any Class Member (or attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Settlement Hearing, unless otherwise ordered by the Court.

21.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

22.     Pending final determination of whether the proposed Settlement should be approved, Plaintiffs and all other Class Members who have not validly and timely requested exclusion from the Class – and anyone acting on their behalf – are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in any action or in any jurisdiction or forum, asserting any of the Released Plaintiffs' Claims.

1250608_1

23.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Class Member or Lead Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24.     All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Plan of Allocation and/or further orders of the Court.  Such funds shall be considered a Qualified Settlement Fund *in custodia legis* of the Court, in accordance with Treas. Reg. §§1.468B-0 through 1.468B-5.

25.     All Notice and Administration Costs shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs, nor any of their counsel, including Lead Counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶5.3 of the Stipulation.

26.     If for any reason the Stipulation is not approved, or is terminated, cancelled or fails to become effective for any reason, then, in such event, the terms of ¶3.8 of the Stipulation shall apply, and this order certifying the Class for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position in this Action as of the date of the execution of the Stipulation.

27.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this order or the Stipulation.

28.     The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement or the litigation.

DATED: _____        _____

THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

- 10 -

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re THIRD AVENUE MANAGEMENT LLC SECURITIES LITIGATION | : : : | Civil Action No. 1:16-cv-02758-PKC<br><br>CLASS ACTION |
| | : | |
| This Document Relates To: | : : | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | : : | |
| | x | EXHIBIT A-1 |

1243923_2

***IF YOU PURCHASED SHARES OF THE THIRD AVENUE FOCUSED CREDIT FUND (THE "FUND") DURING THE PERIOD FROM MARCH 1, 2013 THROUGH DECEMBER 10, 2015, INCLUSIVE ("CLASS"), YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.[1]***

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

**Description of Lawsuit and Class:**  This case is a securities class action filed against Third Avenue Trust and other defendants on behalf of persons who purchased shares of Third Avenue Focused Credit Fund during the period from March 1, 2013 through December 10, 2015, inclusive (the "Class Period").

**Statement of Class' Recovery:**  $14,250,000 in cash, plus any interest earned.  If you are a Class Member, your recovery will depend on the timing of your purchases and sales (if any) of Fund shares during the Class Period, and on any Fund shares that you held at the beginning of the Class Period.  Based on the information currently available to the Plaintiffs and the analysis performed by their damages consultants, it is estimated that if Class Members submit claims for 100% of the eligible Fund shares for distribution under the Plan of Allocation (described below), the estimated average distribution per Fund share will be approximately $0.08 before deduction of Court-approved fees and expenses, including the cost of notifying Class Members, administering the Settlement, and paying any attorneys' fees and expenses awarded by the Court to counsel for the Plaintiffs.  Historically, actual claims rates are less than 100%, which result in higher distributions per share.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that

---

[1]   The complete terms of the Settlement are set forth in the Stipulation of Settlement dated March 31, 2017, which can be obtained at www.thirdavenuefundsettlement.com.

claimant's recognized claim as compared to the total recognized claims of all Class Members who submit valid Proof of Claim and Release forms ("Proof of Claim").

**Reasons for Settlement:**  Avoids the costs and risks associated with continued litigation, including the danger of no recovery, and provides an immediate cash benefit to the Class.

**If the Case Had Not Settled:**  Continuing with the case could have resulted in a loss on Defendants' pending motion to dismiss the Class' claims, at summary judgment, trial, or in any subsequently filed appeal.  The two sides vigorously disagree on both liability and the amount of money that could have been recoverable if the Plaintiffs prevailed at trial.  The parties disagree about, among other things:  (i) the amount of alleged damages, if any, that could be recovered at trial; (ii) the other, non-actionable causes of the losses to the Fund during the relevant period; (iii) whether any allegedly false or misleading statements in the registration statements and prospectuses were the proximate cause of any investor losses; (iv) the extent that various facts alleged by the Plaintiffs influenced the net asset value of the Fund during the relevant period; and(v) whether the allegedly misstated facts were material, false, misleading or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:**  Court-approved Lead Counsel will ask the Court for attorneys' fees of 10% of the Settlement Fund and expenses not to exceed $320,000, to be paid from the Settlement Fund plus interest.  Lead Counsel have not received any payment for their work since the case began, investigating the facts, prosecuting this Action, and negotiating this Settlement on behalf of the Plaintiffs and the Class.  If the above amounts are requested and approved by the Court, the average cost per Fund share will be approximately $0.01.

**Lawyers' Representatives:** Plaintiffs and the Class are being represented by Robbins Geller Rudman & Dowd LLP.  Any questions should be sent to that firm at the address and telephone number given below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Proof of Claim and Release Form** | The only way to get a payment. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | Get no payment.  Give up your rights. |
| **Exclude Yourself** | Get no payment.  This is the only option that allows you to ever bring a lawsuit against Defendants and the other Released Persons concerning the legal claims at issue in this case. |
| **Object** | Write to the Court about why you do not like the Settlement. |

The following **deadlines** apply to your rights and options in this Action:

| | |
|---|---|
| Submit Proof of Claim: | _____, 2017 |
| Request Exclusion: | _____, 2017 |
| File Objection: | _____, 2017 |
| Court Hearing on Fairness of Settlement: | _____, 2017 |

These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.

The Court in charge of this case must decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

More information:

*Third Avenue Fund Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 30255
College Station, TX  77842-3255
1-844-540-6003
www.thirdavenuefundsettlement.com

Rick Nelson
Shareholder Relations
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
1-800-449-4900

## BASIC INFORMATION

### 1.    Why Did I Get This Notice Package?

You or someone in your family may have purchased Fund shares during the period March 1, 2013 through December 10, 2015, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves it, and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *In re Third Avenue Management LLC Securities Litigation*, Civil Action No. 1:16-cv-02758-PKC.  The parties who sued are called Plaintiffs.  The persons and entities they sued – William E. Chapman, II, Lucinda Franks, Edward J. Kaier, Patrick Reinkemeyer, Eric P. Rakowski, Martin Shubik, Charles C. Walden, Martin J. Whitman, David M. Barse, Vincent J. Dugan, Jack W. Aber, Marvin Moser, Third Avenue Trust (the "Trust"), Third Avenue Management LLC (the "Advisor"), Affiliated Managers Group, Inc. ("AMG"), M.J. Whitman LLC ("MJW") – are called the Defendants.

### 2.    What Is This Lawsuit About?

Plaintiffs allege that the offering documents for the continuous offering of the Fund's shares negligently misrepresented and omitted material information about the Fund and its assets.  More specifically, Plaintiffs allege that: (i) the Fund's Registration Statement misrepresented the liquidity

- 4 -

of the Fund's assets, which Plaintiffs assert contained illiquid holdings in an amount greater than the Fund's purported 15% restriction on such holdings and parallel U.S. Securities and Exchange Commission ("SEC") guidance; (ii) the Fund misrepresented the shareholders' ability to redeem shares in light of the Fund's insufficient liquidity and the substantial amount of redemptions that could force the Fund to suspend redemptions; (iii) the Fund inaccurately marketed itself as a "high-yield" fund, when it was actually a "highly illiquid distressed debt fund"; (iv) the Fund misrepresented Defendants' ability to properly value securities because the Fund did not properly identify illiquid securities or take into account the illiquid nature of its assets when determining their values; (v) the Fund's Registration Statement contained false and misleading sworn certifications; and (vi) the Fund did not comply with the SEC's requirement in Form N-1A that mutual fund prospectuses disclose the principal risks of investing in the Fund.

During 2015, the Fund experienced a significant increase in the amount of redemptions by shareholders. The Fund sold assets for cash to meet redemption obligations. By December 9, 2015, with shares of the Fund down more than 45% below their Class Period high, shareholders were no longer able to redeem shares for cash because the Fund was unable to generate sufficient cash to meet redemptions without resorting to asset sales at prices that would disadvantage the remaining shareholders of the Fund.

Defendants deny all of Plaintiffs' allegations and that they did anything wrong. Defendants maintain that the Fund was operated at all times in accordance with SEC guidance and the Fund's disclosures to investors. Defendants also deny that the Plaintiffs or the Class suffered legally compensable damages, or that any causal connection could be established between the alleged mis-representations and any alleged harm to Plaintiffs or the Class.

3.      **Why Is This Action a Class Action?**

In a class action, one or more people called class representatives (in this case the Court-appointed Lead Plaintiff IBEW Local No. 58 Sound & Communication Division Retirement Plan and plaintiff Anthony Dallacasa (collectively, "Plaintiffs")) sue on behalf of people who have similar claims.  Here, all these people are called a Class, which consists of Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. The Honorable P. Kevin Castel is the judge overseeing this class action.

4.      **Why Is There a Settlement?**

There has not been a final resolution of this Action in favor of the Plaintiffs or Defendants. Instead, all parties agreed to the Settlement with the assistance of a former federal judge (the Honorable Layn R. Phillips), an experienced and highly respected mediator of complex actions like this.  By agreeing to the Settlement, the parties avoid the cost and uncertainty of further litigation, including a trial (and any further appeals), and allow eligible Class Members who submit valid claims to receive a payment.  Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  The Plaintiffs and their attorneys believe the Settlement is in the best interests of the Class.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

5.      **How Do I Know if I Am Part of the Settlement?**

The Class includes ***all persons and entities who purchased Fund shares during the period from March 1, 2013 through December 10, 2015, inclusive, except those persons and entities that are excluded, as described below.***  If you sold Fund shares during the period from March 1, 2013

- 6 -

through December 10, 2015, inclusive, that alone does not make you a Class Member.  You are a Class Member only if you *purchased* Fund shares during the period from March 1, 2013 through December 10, 2015, inclusive.

**6.      Who Is Excluded from the Class?**

Excluded from the Class are Defendants, employees, officers and directors of the Defendant entities, members of the immediate families of each of the Individual Defendants, the estates of the deceased Individual Defendants, any Person in which any Defendant has a controlling interest and, as to such excluded Person, the legal and personal representatives, agents, assigns and heirs, successors or assigns of any such excluded Person.  Also excluded from the Class are any Class Members who timely and validly exclude themselves from the Class in accordance with the requirements set forth in this Notice.

**7.      I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call the Claims Administrator at 1-844-540-6003, or Lead Counsel listed in Question 24 for more information.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

**8.      What Does the Settlement Provide?**

Defendants have agreed to pay $14,250,000 in cash to be divided among all eligible Class Members who submit valid Proofs of Claim, after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing a summary notice, and any taxes or tax expenses on the Settlement Fund.

- 7 -

9.      **How Much Will My Payment Be?**

Your share of the fund will depend on the number of valid Proofs of Claim that Class Members submit, how many shares of the Fund you purchased during the relevant period, and when you bought and sold them.  The payment you get will reflect your *pro rata* share of the Net Settlement Fund.  If claims are filed for 100% of the eligible Fund shares, the average distribution per share will be approximately $0.08 before deduction of Court-approved fees and expenses, claims administrator fees and expenses and tax and tax expenses.  Historically, actual claim rates are less than 100% and therefore result in higher distributions.

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proofs of Claim ("Claimants") under the Plan of Allocation.  The Plan of Allocation provides that Claimants will be eligible to participate in the distribution of the Net Settlement Fund only if they have a net investment loss.

If there are sufficient funds in the Net Settlement Fund, each Claimant will receive an amount equal to the Claimant's "Claim" as defined below.  If, however (and as is more likely), the amount in the Net Settlement Fund is not sufficient to permit payment of the total Claim of each Claimant, then each Claimant shall be paid the percentage of the Net Settlement Fund that each Claimant's claim bears to the total of the claims of all Claimants.  Payment in this manner shall be deemed conclusive against all Claimants.

The Plan of Allocation has been prepared by Plaintiffs' counsel with the assistance of their damages consultants.

## PLAN OF ALLOCATION

### Third Avenue Focused Credit Fund
### CUSIPs: 884116708 and 884116609

The calculation of Claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Claimants.  A Claim will be calculated as follows:

Closing price on December 10, 2015:          $6.48 per share

For shares of Third Avenue Focused Credit Fund purchased during the Class Period and

1)      sold prior to December 10, 2015, the claim per share is the Purchase Price less the Sales Price.

2)      retained at the close of trading on December 10, 2015, or sold thereafter, the claim per share is the lesser of (i) the Purchase Price less $6.48, or (ii) the Purchase Price less the Sales Price.

The First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a Claim.  Investment gains achieved in connection with transactions in Fund shares will be offset against losses suffered in connection with transactions in Fund shares in calculating Claimants' losses.  Although short sales will have no recognized loss under the Plan of Allocation, any recognized gain attributable to such short sales will be used to offset recognized losses from other transactions.  Furthermore, market gains or losses attributable to short sales will be calculated as part of the market gain or loss calculation.

A Claimant will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net loss, after all profits from transactions in Fund shares during the Class Period are subtracted from all losses from transactions in Fund shares during the Class Period. However, the proceeds from sales of Fund shares that have been matched against Fund shares held at the beginning of the Class Period will not be used in the calculation of such net loss.

- 9 -

Fund shares acquired by means of a gift, inheritance or operation of law shall be considered only if the donor, decedent, or transferor does not submit a Proof of Claim with respect to the shares. If the recipient submits the claim, he, she, or it must provide documentation of the original purchase in addition to the transfer.

Payment pursuant to the Plan of Allocation shall be conclusive against all Claimants.  No Person shall have any claim against Lead Counsel, Plaintiffs, the Claims Administrator, Defendants and their Released Persons, or any other Person designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.  All Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court or provided by the Stipulation of Settlement) but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

### HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM

### 10.    How Will I Get a Payment?

To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and must timely complete and return the Proof of Claim with adequate supporting documentation **postmarked, if mailed, or received, if submitted on-line, no later than _____, 2017**.  A Proof of Claim is included with this Notice.  You may also obtain a Proof of Claim from the website maintained by the Claims Administrator for the Settlement, www.thirdavenuefundsettlement.com, or you may request that a Proof of Claim be mailed to you by

- 10 -

calling the Claims Administrator toll-free at 1-844-540-6003 or by sending an email to the Claims Administrator at info@thirdavenuefundsettlement.com.  Please retain all records of your ownership of and transactions in your Fund shares, as these records may be needed to document your claim.  If you request exclusion from the Class or do not submit a timely and adequate Proof of Claim, you will not be eligible to share in the Net Settlement Fund.

**11.     When Will I Get My Payment?**

The Court will hold a hearing on _____, to decide whether to approve the Settlement.  If Judge Castel approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps several years.  It also takes time for all Proofs of Claim to be processed.  Please be patient.

**12.     What Am I Giving Up to Get a Payment or Stay in the Class?**

Unless you timely and validly exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or any other Released Person about the Released Plaintiffs' Claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in this case against Defendants and the other Released Persons.  The terms of the release are included in the enclosed Proof of Claim and the Stipulation.

<b>EXCLUDING YOURSELF FROM THE SETTLEMENT</b>

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue the Defendants or any other Released Person on your own about the same Released Plaintiffs' Claims, then you must take steps to get out of the Class.  This is called excluding yourself or is sometimes referred to as opting out of the Class.

- 11 -

### 13.    How Do I Get Out of the Class?

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *In re Third Avenue Management LLC Securities Litigation*, Civil Action No. 1:16-cv-02758-PKC.  You must include your name, address, telephone number, email address (if available), the number of Fund shares purchased during the period March 1, 2013 through December 10, 2015, inclusive, the number of shares sold during this time period, if any, the dates of such purchases and sales, and a statement that you wish to be excluded from the Class.  **You must mail your exclusion request so that it is postmarked no later than _____ to:**

> *Third Avenue Fund Securities Litigation*
> EXCLUSIONS
> Claims Administrator
> c/o Gilardi & Co. LLC
> 3301 Kerner Blvd.
> San Rafael, CA  94901

If you want to be excluded from the Class, you must follow these instructions even if you have pending, or later file, another lawsuit, arbitration, or other proceeding asserting any Released Plaintiffs' Claim.  You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.

### 14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No.  Unless you exclude yourself, you give up any right to sue the Defendants or any Released Person for the Released Plaintiffs' Claims.  If you have a pending lawsuit against any of the Defendants or any Released Person, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____.

1243923_2

**15.    If I Exclude Myself, Can I Get Money from This Settlement?**

No.  If you exclude yourself, do not send in a Proof of Claim.  But you may sue, continue to sue, or be part of a different lawsuit against the Defendants or any other Released Person related to the Released Plaintiffs' Claims.

## THE LAWYERS REPRESENTING YOU

**16.    Do I Have a Lawyer in This Case?**

The law firm of Robbins Geller Rudman & Dowd LLP represents you and other Class Members.  These lawyers are called Lead Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees of 10% of the Settlement Fund and expenses up to $320,000, which were incurred in connection with the Action, plus interest on both amounts at the same rate and for the same period of time as that earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members will not be personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.  To date, Lead Counsel have not been paid for their services for conducting this Action on behalf of the Class, or for their expenses incurred in the prosecution of the Action. The fee requested will compensate Lead Counsel for their work in creating the Settlement Fund. The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

- 13 -

**18.     How Do I Tell the Court that I Do Not Like the Settlement, the Plan of Allocation, or Lead Counsel's Request for an Award of Attorneys' Fees and Expenses?**

If you are a Class Member, you can object to the Settlement, the Plan of Allocation, and/or Lead Counsel's request for an award of attorneys' fees if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the Settlement in *In re Third Avenue Management LLC Securities Litigation*, Civil Action No. 1:16-cv-02758-PKC.  Be sure to include your name, address, telephone number, email address (if available), signature, the number of Fund shares purchased during the period beginning on March 1, 2013 through December 10, 2015, inclusive, and the reasons you object to the Settlement, the Plan of Allocation, and/or Lead Counsel's request for an award of attorneys' fees, including any documents or other evidence that you want the Court to consider.  Mail the objection to the Court, Lead Counsel, and Defendants' Counsel such that it is received no later than _____:

> *Court*:
>
> Clerk of the Court
> UNITED STATES DISTRICT COURT
> SOUTHERN DISTRICT OF NEW YORK
> DANIEL PATRICK MOYNIHAN
>   UNITED STATES COURTHOUSE
> 500 Pearl Street
> New York, NY  10007
>
> *Counsel for Plaintiffs*:
>
> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> JEFFREY D. LIGHT
> 655 West Broadway, Suite 1900
> San Diego, CA  92101
>
> *Counsel for Defendants:*

- 14 -

ROPES & GRAY LLP
ROBERT A. SKINNER
Prudential Tower
800 Boylston Street
Boston, MA  02199

If you do not timely make your objection, you will have waived all objections, you will not be entitled to speak at the Settlement Hearing, and you will not be entitled to appeal from any order and/or judgment approving the Settlement, any order approving the Plan of Allocation or any order awarding Lead Counsel attorneys' fees and expenses.

If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on Lead Counsel and Defendants' Counsel and file it with the Court (at the address set out above) so that it is received no later than the date set for objections to the proposed Settlement.

### 19.     What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object *only if* you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend, and you may ask to speak, but you don't have to.

### 20.     When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a hearing (the "Settlement Hearing") at _____ _.m., on _____, in Courtroom 11D of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY

- 15 -

10007.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Castel will listen to people who have asked to speak at the hearing.  The Court will also consider whether to approve the Plan of Allocation and Lead Counsel's request for an award of attorneys' fees and expenses, how much to pay to Lead Counsel.  The Court may decide these issues at the hearing or take them under consideration.  We do not know how long these decisions will take.  The Court may adjourn or continue the Settlement Hearing without further notice to the Class.  If you intend to attend the hearing, you should confirm the date and time with Lead Counsel or by checking the Settlement website.

### 21.    Do I Have to Come to the Hearing?

No.  Lead Counsel will answer questions Judge Castel may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

### 22.    May I Speak at the Hearing?

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re Third Avenue Management LLC Securities Litigation*, Civil Action No. 1:16-cv-02758-PKC.  Be sure to include your name, address, telephone number, signature, email address (if available), and the number of Fund shares purchased during the period from March 1, 2013 through December 10, 2015, inclusive.  Your notice of intention to appear must be received no later than _____, by the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the addresses listed above in Question 18.  Any Class Member who does not timely file and serve a notice of intention to appear in accordance with this

- 16 -

paragraph shall not be permitted to appear at the Settlement Hearing, unless otherwise ordered by the Court.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

**23.     What Happens if I Do Nothing at All?**

If you do nothing, you will get no money from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and any Released Person about the same issues in this case.

**24.     How Do I Get More Information**

This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you should consult the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007.  Additionally, copies of the Stipulation, this Notice, the Proof of Claim, the proposed Final Order and Judgment, and any related orders entered by the Court in connection with the Settlement will be posted on the website maintained by the Claims Administrator, www.thirdavenuefundsettlement.com.

All inquiries concerning the Action, this Notice and the Proof of Claim, or requests for additional information, should be directed to:

> *Third Avenue Fund Securities Litigation*
> c/o Gilardi & Co. LLC
> P.O. Box 30255
> College Station, TX  77842-3255
> 1-844-540-6003
> info@thirdavenuefundsettlement.com
>
> or

Rick Nelson
Shareholder Relations
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (800) 449-4900

## SPECIAL NOTICE TO NOMINEES

If you hold any Fund shares purchased during the period from March 1, 2013 through December 10, 2015, inclusive, as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Third Avenue Fund Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 30255
> College Station, TX  77842-3255
> edata@gilardi.com

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs that you actually incurred or expect to incur in connection with forwarding the Notice and that you would not have incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

DATED: _____, 2017    BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF NEW YORK

1243923_2

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ———————————————— x | | |
| In re THIRD AVENUE MANAGEMENT | : | Civil Action No. 1:16-cv-02758-PKC |
| LLC SECURITIES LITIGATION | : | |
| ———————————————— | : | CLASS ACTION |
|  | : | |
| This Document Relates To: | : | PROOF OF CLAIM AND RELEASE |
|  | : | |
| ALL ACTIONS. | : | EXHIBIT A-2 |
| ———————————————— x | : | |

## I.      GENERAL INSTRUCTIONS

1.      To recover as a member of the Class based on your claims in the action entitled *In re Third Avenue Management LLC Securities Litigation*, Civil Action No. 1:16-cv-02758-PKC (the "Action"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, ADDRESSED AS FOLLOWS:

> *Third Avenue Fund Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 30255
> College Station, TX  77842-3255
> Online submissions:  www.thirdavenuefundsettlement.com

4.      If you are NOT a member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim.

5.      If you request exclusion from the Class, DO NOT submit a Proof of Claim.

6.      If you are a member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

- 1 -

## II.     CLAIMANT IDENTIFICATION

If you purchased shares of Third Avenue Focused Credit Fund (the "Fund") during the period from March 1, 2013, through December 10, 2015, use Part I of this form entitled "Claimant Identification" to list the claimant name, mailing address, and account information if relevant (such as for a claim submitted on behalf of an IRA, Trust, or estate account).  Please list the most current claimant or account name as you would like the information to appear on the check, if you are eligible for payment.  Please also provide a telephone number and/or e-mail address, as the Claims Administrator may need to contact you with questions about your claim.  If your Claimant Identification information changes, please notify the Claims Administrator in writing at the address above.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents or other documents that provide you with the authority to submit the claim.  Please also state your representative capacity under your signature on page ___ of this claim form.

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout.

### III.    CLAIM FORM

Use Part II of this form, titled "Schedule of Transactions in Fund Shares," to supply all required details of your transaction(s) of the Fund's shares.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, please provide all of the requested information for **all** of your purchases and **all** of your sales of Fund shares at any time between March 1, 2013 through December 10, 2015, inclusive (the "Class Period"), whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information for **all** of the Fund shares you held at the close of trading on February 28, 2013, and at the close of trading on December 10, 2015.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Fund shares.  The date of a "short sale" is deemed to be the date of sale of Fund shares.

You should attach to your claim copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in the Fund shares.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker, because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*In re Third Avenue Management LLC Securities Litigation*

Civil Action No. 1:16-cv-02758-PKC

PROOF OF CLAIM AND RELEASE

Must Be Postmarked or Submitted Online No Later Than:

_____

<u>Please Type or Print</u>

PART I:          CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____          _____

City                                        State or Province

_____          _____

Zip Code or Postal Code                     Country

_____   _____   Individual
Social Security Number or             _____   Corporation/Other
Taxpayer Identification Number

_____   _____

Area Code          Telephone Number (work)

_____   _____

Area Code          Telephone Number (home)

- 4 -

PART II:        SCHEDULE OF TRANSACTIONS IN FUND SHARES

A.      Number of shares of the Fund held at the close of trading on February 28, 2013: _____

B.      Purchases (March 1, 2013 – December 10, 2015, inclusive) of Fund shares (including shares purchased via a monthly dividend reinvestment program):

| Trade Date Mo. Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

IMPORTANT: If any purchase listed covered a "short sale," please mark yes:
        YES ○

C.      Sales (March 1, 2013 – December 10, 2015, inclusive) of Fund shares:

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.      Number of shares of the Fund held at the close of trading on December 10, 2015:
        _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE PROVISIONS AT THE END OF THIS PROOF OF CLAIM.   YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE**.

- 5 -

1244125_2

IV.    **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Fund shares during the Class Period and know of no other person having done so on my (our) behalf.

V.    **RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Plaintiffs' Claims each and all of the "Released Persons," defined as the following persons (the "Released Persons"), whether or not each or all of the following Persons were named, served with process, or appeared in the Action, with respect to the Released Plaintiffs' Claims (as defined below):  (a) Defendants and the Fund; (b) for each and all of the Persons identified in the foregoing clause, any and all of their respective past or present trusts, foundations, investors, insurers, reinsurers, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited-liability companies, corporations, parents, controlling persons, subsidiaries, divisions, direct or indirect affiliates, associated entities, stockholders, members, managing members, managing agents, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys in fact, counsel, accountants and associates

- 6 -

that are not natural persons; (c) for each and all of the Persons identified in the foregoing clauses of this paragraph that are not natural persons, any and all of their respective past or present trustees, agents, employees, fiduciaries, partners, controlling persons, principals, officers, managers, directors, managing directors, members, managing members, managing agents, financial or investment advisors, advisors, consultants, brokers, dealers, lenders, attorneys in fact, counsel, accountants, and associates who are natural persons; (d) for each and all of the Persons identified in the foregoing clauses of this paragraph that are not natural persons, their respective successors and assigns; and (e) for each and all of the Persons identified in the foregoing clauses of this paragraph who are natural persons, any and all of their past or present family members or spouses, and the heirs, executors, estates, administrators, personal or legal representatives, assigns, beneficiaries, and distributees of any of the foregoing.

2.     "Released Plaintiffs' Claims" means the following claims will be released with respect to the Released Persons:  all actions, claims, debts, demands, causes of action and rights and liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert, or consulting fees and any other costs, expenses, or liability whatsoever), against Defendants and the Released Persons, belonging to Plaintiffs and/or any or all Class Members or any Person acting on their behalf, including their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, insurers, reinsurers, directors, managing directors, officers, partners, principals, members, managing members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities (the "Releasing Plaintiffs"), whether direct, derivative, representative or in any other capacity, arising under federal, state, local or foreign, statutory or common law or any other law, rule or regulation, concerning both

- 7 -

known claims and Unknown Claims, that: (a) have been asserted in the Action (including all claims alleged in any complaint filed in the Action or in any action consolidated into it) against any of the Released Persons; or (b) could have been or could be asserted in any forum by or on behalf of the Class Members or any of them against any of the Released Persons, if such claims or Unknown Claims (i) relate to the allegations, transactions, facts, matters, breaches, occurrences, financial statements, statements, representations or omissions involved, set forth, or referred to in the Action and (ii) relate to the purchase of Fund shares during the Class Period (including any decision to hold or retain such Fund shares).

3.     "Unknown Claims" means any Released Plaintiffs' Claim that the Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, would or might have affected his, her or its settlement with and release of the Released Persons, or would or might have affected his, her or its decision not to object to this Settlement; and any Released Defendants' Claim that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release, which, if known by him, her or it, would or might have affected his, her or its decision(s) with respect to the Settlement. Plaintiffs or the Class Members may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but, upon the Effective Date, Plaintiffs and the Class Members shall have expressly waived and shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, and forever waived, relinquished, settled and released any and all Released Plaintiffs' Claims (including Unknown Claims), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future,

- 8 -

including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Likewise, Defendants may hereafter discover facts in addition to or different from those that he, she or it now knows or believes to be true with respect to the subject matter of the Released Defendants' Claims, but, upon the Effective Date, Defendants shall have expressly waived and shall be deemed to have, and by operation of the Final Order and Judgment shall have fully, finally, and forever waived, relinquished, settled and released any and all Released Defendants' Claims (including Unknown Claims), known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and the Class Members by operation of law shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims, Released Defendants' Claims and Released Plaintiffs' Claims was separately bargained for and is a key element of the Settlement, of which this release is a material and essential part, and expressly waive the benefits of (a) the provisions of §1542 of the California Civil Code, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR,

and (b) any and all provisions or rights conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542.

4.     This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in the Fund that occurred during the Class Period as well as the number of shares of the Fund held by me (us) at the close of trading on February 28, 2013 and at the close of trading on December 10, 2015.

7.     I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____

(Month/Year)

in _____

(City)                              (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser, Executor or
Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign the above release and declaration.

2.  Remember to attach supporting documentation, if available.

3.  Do not send original stock certificates.

4.  Keep a copy of your claim form for your records.

5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please send us your new address.

**THIS PROOF OF CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 2017, ADDRESSED AS FOLLOWS:**

*Third Avenue Fund Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 30255
College Station, TX  77842-3255
www.thirdavenuefundsettlement.com

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| In re THIRD AVENUE MANAGEMENT LLC SECURITIES LITIGATION | : : : | Civil Action No. 1:16-cv-02758-PKC CLASS ACTION |
| | : | |
| This Document Relates To: | : : : | SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | : : | REGARDING THE THIRD AVENUE FOCUSED CREDIT FUND |
| | x | |

EXHIBIT A-3

TO:    ALL PERSONS WHO PURCHASED SHARES OF THE **THIRD AVENUE FOCUSED CREDIT FUND** (THE "FUND") DURING THE PERIOD BEGINNING MARCH 1, 2013 THROUGH DECEMBER 10, 2015, INCLUSIVE ("CLASS PERIOD")

YOU ARE HEREBY NOTIFIED that the above-captioned action has been certified as a class action for settlement purposes and that Plaintiffs have reached a proposed settlement with Defendants to resolve all claims in the case for $14,250,000 in cash.

Pursuant to an Order of the United States District Court for the Southern District of New York, a "Settlement Hearing" will be held on _____, 2017, at ____ _.m., before the Honorable P. Kevin Castel, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine, among other things: (1) whether the proposed Settlement of the Action for the sum of $14,250,000 in cash on the terms set forth in the Stipulation of Settlement dated March 31, 2017 ("Stipulation")[1] should be approved as fair, reasonable, and adequate; (2) whether an Order Approving Class Action Settlement and Judgment should be entered by the Court dismissing the Action with prejudice; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) whether Lead Counsel's motion for an award of attorneys' fees and expenses should be approved.

IF YOU PURCHASED FUND SHARES DURING THE PERIOD MARCH 1, 2013 THROUGH DECEMBER 10, 2015, INCLUSIVE, YOUR RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.

If you have not received a detailed Notice of Pendency and Proposed Settlement of Class

---

[1]   The Stipulation and other settlement related documents can be viewed at www.thirdavenuefundsettlement.com.

1244050_2

Action ("Notice"), and a copy of the Proof of Claim and Release, you may obtain copies by writing to *Third Avenue Fund Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 30255, College Station, TX 77842-3255, by telephone, at 1-844-540-6003, or by email, at info@thirdavenuefundsettlement.com.  You may also download these documents from the Internet at:  www.thirdavenuefundsettlement.com.

If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail **postmarked no later than _____, 2017**, at the Claims Administrator's address, *Third Avenue Fund Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 30255, College Station, TX 77842-3255 or online at www.thirdavenuefundsettlement.com **no later than _____, 2017**, establishing that you are entitled to a recovery.

You will be bound by any judgment rendered in the Action unless you request to be excluded, in writing, such that it is **postmarked no later than _____, 2017** in accordance with the instructions in the detailed Notice, referred to above.  If you submit a valid and timely request for exclusion, you cannot share in the settlement money, cannot object to the Settlement, and will not be bound by the Settlement or the Court's rulings.

Any objection to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for an award of attorneys' fees and expenses must comply with the requirements stated in the Notice and must be filed with the Clerk of the Court at the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, no later than _____, 2017, and ***received*** by the following no later than _____, 2017:

ROBBINS GELLER RUDMAN
  & DOWD LLP
Jeffrey D. Light
655 West Broadway, Suite 1900
San Diego, CA  92101

ROPES & GRAY LLP
Robert A. Skinner
Prudential Tower
800 Boylston Street
Boston, MA  02199

**PLEASE  DO  NOT  CONTACT  THE  COURT  OR  THE  CLERK'S  OFFICE**

**REGARDING THIS NOTICE.**  If you have any questions about the Settlement or the Action, you

may contact Lead Counsel at the address listed above or Rick Nelson, a representative of Lead

Counsel at 1-800-449-4900.

DATED: _____, 2017       BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF NEW YORK

- 3 -