UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
In re THIRD AVENUE MANAGEMENT     :   Civil Action No. 1:16-cv-02758-PKC
LLC SECURITIES LITIGATION         :
                                  :   CLASS ACTION
————————————————————              :
                                  :   PKC
This Document Relates To:         :   [PROPOSED] ORDER PRELIMINARILY
                                  :   APPROVING SETTLEMENT AND
    ALL ACTIONS.                  :   PROVIDING FOR NOTICE
———————————————————— x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/6/17
```

1250608_1

WHEREAS, on March 31, 2017, the parties to the above-entitled action (the "Action"), Lead Plaintiff IBEW Local No. 58 Sound & Communication Division Retirement Plan ("IBEW 58") and plaintiff Anthony Dallacasa ("Plaintiff") (together, "Plaintiffs") and defendants William E. Chapman, II, Lucinda Franks, Edward J. Kaier, Patrick Reinkemeyer, Eric P. Rakowski, Martin Shubik, Charles C. Walden, Martin J. Whitman, David M. Barse, Vincent J. Dugan, Jack W. Aber, Marvin Moser, Third Avenue Trust (the "Trust"), Third Avenue Management LLC (the "Advisor"), Affiliated Managers Group, Inc. ("AMG"), M.J. Whitman LLC ("MJW") (collectively, the "Defendants" and together with Plaintiffs, the "Settling Parties"), by and through their respective counsel and, as applicable, their respective authorized representatives entered into the Stipulation of Settlement dated March 31, 2017 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Action with prejudice;

WHEREAS, the Court having read and considered the Stipulation and the accompanying documents;

WHEREAS, the Settling Parties to the Stipulation having consented to the entry of this order;

WHEREAS, unless otherwise specified all capitalized terms used, but not otherwise defined, herein having the meanings defined in the Stipulation;[1]

NOW THEREFORE, IT IS HEREBY ORDERED, this 5th day of April, 2017, that:

---

[1] The exhibits attached to the Stipulation filed with the Court are incorporated herein as though set forth in this order.

- 1 -

1. The Court hereby preliminarily approves the Stipulation and the Settlement set forth therein as being fair, reasonable and adequate to Class Members (defined in ¶2 below), subject to further consideration at the Settlement Hearing described in ¶5 below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Action is hereby certified as a class action on behalf of all Persons who purchased shares of the Fund during the period from March 1, 2013 through December 10, 2015. Excluded from the Class are Defendants, employees, officers and directors of the Defendant entities, members of the immediate families of each of the Individual Defendants, the estates of the deceased Individual Defendants, any Person in which any Defendant has a controlling interest, and, as to such excluded Person, the legal and personal representatives, agents, heirs, successors, or assigns of any such excluded Person. Also excluded from the Class are any Class Members who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice.

3. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) Plaintiffs have alleged one or more questions of law and fact that are common to the Class; (c) based on Plaintiffs' allegations that Defendants engaged in uniform conduct affecting all Class Members, Plaintiffs' claims are typical of those of the other members of the Class they seek to represent; (d) the Plaintiffs and Lead Counsel are capable of fairly and adequately representing the interests of the Class, in that Plaintiffs' interests are consistent with those of the other Class Members, Lead Counsel is able and qualified to represent the Class, and Plaintiffs and Lead Counsel have fairly and adequately represented the Class Members in prosecuting this Action and in

negotiating and entering into the proposed Settlement; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are certified as class representatives.

5. A final settlement hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _June 23, 2017_ in Courtroom 11D, 500 Pearl St, NY NY 10005, at _2:15_ p.m. for the following purposes:   /s/ PKC

 (a) to determine whether the proposed Settlement is fair, reasonable and adequate to Class Members, and should be approved by the Court;

 (b) to determine whether the Order Approving Class Action Settlement ("Final Order") as provided under the Stipulation should be entered;

 (c) to determine whether the proposed Plan of Allocation of the proceeds of the Settlement is fair, reasonable and adequate, and should be approved by the Court;

 (d) to consider Lead Counsel's motion for an award of attorneys' fees and expenses; and

 (e) to rule upon such other matters as the Court may deem appropriate.

6. The Court may adjourn the Settlement Hearing without further notice to members of the Class of any kind.

7. The Court reserves the right to approve the Settlement with or without modification as may be agreed to by the Settling Parties and with or without further notice to the Class of any

kind. The Court further reserves the right to enter the Final Order and Judgment regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8. The Court approves the form, substance and requirements of: the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim form, and the Summary Notice, annexed to the Stipulation as Exhibits A-1, A-2 and A-3, respectively, and finds that the form, content, and mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶10 and 13 of this order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, as amended, 15 U.S.C. §77z-1(a)(7), including the PSLRA, and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9. The Court approves the appointment of Gilardi & Co. LLC ("Gilardi") as the Claims Administrator.

10. Within fourteen (14) calendar days after the entry of this order (the "Notice Date"), the Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed to the Stipulation as Exhibits A-1 and A-2, to be mailed by first-class mail, postage prepaid, to all Class Members who can be identified with reasonable effort. Within five (5) business days following the execution of the Stipulation, Defendants will use reasonable efforts to provide or cause the Fund's transfer agent to provide to the Claims Administrator, at no cost to the Class or Lead Counsel or the Claims Administrator, the last-known names and addresses of all shareholders of record during the Class Period. Such information shall be provided in a format acceptable to the Claims Administrator. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased Fund

- 4 -

1250608_1

shares during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within ten (10) calendar days after their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting such materials for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners. Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim. Notice will also be provided by the Fund (at its own expense) to U.S. federal and state officials if and to the extent required by the Class Action Fairness Act of 2005 ("CAFA").

11. The Escrow Agent or its designees are authorized and directed to prepare any tax returns required to be filed on behalf of or in respect of the Settlement Fund and to cause any Taxes and Tax Expenses due and owing to be paid from the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

12. Lead Counsel shall submit their papers in support of final approval of the Settlement, Plan of Allocation and motion for an award of attorneys' fees and expenses by no later than May 19, 2017 [handwritten, initialed PK] ~~, 2017~~ [fourteen (14) calendar days prior to the deadline for objections set forth in ¶17]. All reply papers in support of such motions shall be filed and served by no later than seven (7) calendar days before the Settlement Hearing.

- 5 -

13. The Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal* and once over the *Business Wire* or *PR Newswire* within fourteen (14) calendar days after the Notice Date. Lead Counsel shall, at least seven (7) calendar days prior to the Settlement Hearing, file with the Court proof of the publication of the Summary Notice.

14. Any person falling within the definition of the Class who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time set forth and in the manner described in the Notice.

15. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the release provided for therein, whether favorable or unfavorable to the Class.

16. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Plaintiffs, Lead Counsel, Plaintiffs' Counsel or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

17. Objections to the Settlement, the Plan of Allocation, or the application by Lead Counsel for an award of attorneys' fees and expenses, and any supporting papers shall be filed with

PKC

the Court at 500 Pearl Street, New York, NY 10007, on or before June 2, 2017, and also delivered by hand or first-class mail to Jeffrey D. Light, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 and Robert A. Skinner, Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA 02199, by that same date. Each objection must include the name and docket number of this case (as set out at the top of this order) and must also include the following information about the Class Member: (i) name, (ii) address, (iii) telephone number, (iv) e-mail address, if available, (v) evidence of the number of shares of Fund stock purchased during the Class Period, (vi) an explanation of the objections asserted, including any legal support that the Class Member wishes to bring to the Court's attention, and (vii) any evidence that the Class Member wishes to introduce in support of such objection. Attendance at the Settlement Hearing is not necessary. The Court will still consider any timely written objection regardless of whether the objector appears at the Settlement Hearing. However, any persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request by Lead Counsel for attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

18. Any Class Member who does not object to the Settlement and/or the Plan of Allocation, and any Class Member who does not object to Lead Counsel's motion for an award of attorneys' fees and expenses in the manner prescribed in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Final Order and Judgment to be entered approving the

- 7 -

Settlement, the Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and expenses unless the Court orders otherwise.

19. Class Members may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

20. If a Class Member hires an attorney (at his, her, or its own expense) to represent him, her, or it for purposes of objecting, such attorney must serve a notice of appearance on Lead Counsel and Defendants' Counsel and file it with the Court (at the addresses set out above) so that it is received no later than the date set for objections. In addition, any such Class Member or his, her, or its attorney intending to appear at the Settlement Hearing must file and serve a notice of intention to appear as set forth in the Notice. Such notice of intention to appear must be received by Lead Counsel, Defendants' Counsel, and the Court, at the addresses set forth above, by no later than the date set for objections. Any Class Member (or attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Settlement Hearing, unless otherwise ordered by the Court.

21. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

22. Pending final determination of whether the proposed Settlement should be approved, Plaintiffs and all other Class Members who have not validly and timely requested exclusion from the Class – and anyone acting on their behalf – are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in any action or in any jurisdiction or forum, asserting any of the Released Plaintiffs' Claims.

23. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Class Member or Lead Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24. All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Plan of Allocation and/or further orders of the Court. Such funds shall be considered a Qualified Settlement Fund *in custodia legis* of the Court, in accordance with Treas. Reg. §§1.468B-0 through 1.468B-5.

25. All Notice and Administration Costs shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs, nor any of their counsel, including Lead Counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶5.3 of the Stipulation.

26. If for any reason the Stipulation is not approved, or is terminated, cancelled or fails to become effective for any reason, then, in such event, the terms of ¶3.8 of the Stipulation shall apply, and this order certifying the Class for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position in this Action as of the date of the execution of the Stipulation.

27. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this order or the Stipulation.

28.     The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement or the litigation.

DATED: __4-6-17__

_____
THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE